The STATE of Texas, Appellant,

v.

William Orin OLIVER, Appellee.

No. 04–99–00765–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 9, 2000.

E. Bruce Curry, District Attorney, Kerrville, for Appellant.

Kurtis S. Rudkin, Law Office of Kurtis S. Rudkin, Boerne, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

GREEN, Justice.

Appellee, William Orin Oliver, was indicted for capital murder. The trial court granted Oliver's motion to suppress his oral confession. In two issues, the State argues the trial court abused its discretion when it suppressed Oliver's oral confession.

### Facts

The facts are not in dispute. Oliver was interrogated by Texas Ranger John Martin. Oliver was given the proper TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(2) warnings after he was arrested. In addition, Martin asked Oliver if he understood the warnings, to which Oliver replied affirmatively. After Oliver replied affirmatively, Martin began his interrogation without making any inquiry as to whether Oliver knowingly, intelligently, and voluntarily waived his rights. The record does not expressly show that Oliver waived his rights, as required by art. 38.22 § 3(a)(2). After about an hour of discussion with Ranger Martin, Oliver invoked his right to counsel and the interview was terminated. The trial court granted Oliver's motion to suppress evidence, based on a finding that the State failed to show compliance with the waiver requirement of art. 38.22 § 3(a)(2).

### Standard of Review

■ We review the trial court's admission of evidence with the abuse of discretion standard. *See Montgomery v. State,* 810 S.W.2d 372, 378 (Tex.Crim.App. 1990). We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We afford the same amount of deference to trial courts' rulings on application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* However, we review de novo mixed questions of law and fact not falling within this category. *See id.* Because the facts surrounding the confession are not in dispute, the matter at issue is a question of law—whether Oliver's statement is admissible under art. 38.22 § 3(a)(2). Therefore, we apply de novo review.

### *TEX. CODE CRIM PROC. ANN: art. 38.22 § 3(a)(2)*

■ TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(2)(Vernon Supp.2000) requires, inter alia, an oral statement resulting from custodial interrogation to contain a warning informing the defendant of his rights as set forth in TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a)[1], and a knowing, intelligent, and voluntary waiver of those rights.

■ In the context of either a written or oral confession, a waiver of rights may be inferred from the actions and words of the

1. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a) provides:
   No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:
   (a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
   (1) he has the right to remain silent and not make any statement at all and that any state-

ment he makes may be used against him at his trial;
   (2) any statement he makes may be used as evidence against him in court;
   (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
   (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
   (5) he has the right to terminate the interview at any time.

person interrogated. *See Mays v. State*, 726 S.W.2d 937, 946 (Tex.Crim.App.1986) (written confession); *Williams v. State*, 566 S.W.2d 919, 923 (Tex.Crim.App.1978) (written confession); *Barefield v. State*, 784 S.W.2d 38, 40–41 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990) (*overruled on other grounds, Zimmerman v. State*, 860 S.W.2d 89, 94 (Tex.Crim.App.1993))(oral confession).

In *Barefield*, the defendant's oral confession was admitted at trial. Barefield was given the required warnings and affirmatively acknowledged he understood them. He did not expressly waive his rights. On appeal, Barefield argued the confession was inadmissible because it did not comport with art. 38.22 § 3(a)(2). The court affirmed Barefield's conviction, explaining:

> We do not, however, interpret the oral confession statute to require an express verbal statement from an accused that he waives his rights prior to giving the statement. In reaching the voluntariness of a confession, this Court looks at the totality of the circumstances.

*See Barefield*, 784 S.W.2d at 40–41.

The court did not indicate *any* additional language was required before a trial court could infer the defendant had waived his rights pursuant to art. 38.22. Thus, in the context of an oral confession, the Court of Criminal Appeals has approved the inference of a waiver based on the totality of the circumstances surrounding interrogation.

Oliver argues *Garcia v. State*, 919 S.W.2d 370, 387 (Tex.Crim.App.1994) requires additional waiver language beyond the defendant's acknowledgment that he understands his rights in order for a court to infer a defendant's waiver. In *Garcia* the court held a written confession was admissible, despite the absence of an explicit oral or written waiver. The court explained that a waiver of Garcia's rights could be inferred from language contained in the written statement itself. The specific language included Garcia's initials next to each of the written art. 38.22 warnings, coupled with his signature at the bottom of each page underneath a printed statement that averred he had read each page of the confession, was not coerced, did not request a lawyer, did not request termination of the interview, was not prompted to say anything, and the statement did not contain any facts that were not true and correct. *See Garcia*, 919 S.W.2d at 384–85.

Oliver argues the court's reliance on the language described in *Garcia* indicates a requirement that some additional language on the part of the accused must be present in order to infer a waiver. However, in *Garcia*, the court was specifically describing the appropriate practice for a *written* confession. *See Garcia*, 919 S.W.2d at 387. Therefore, even if *Garcia* could be construed to require some affirmative waiver language in order for a trial court to infer waiver, the rule of *Barefield* would still be more applicable to an oral confession.[2] Further, the court in *Garcia* did not reject the long established doctrine that the trial

---

**2.** Indeed, there are sound reasons to analyze the issue of waiver differently in the context of an oral confession than a written confession. Essentially, the language discussed in *Garcia* asserts the circumstances surrounding the confession were not coercive, and purports to assure that the defendant was aware of his art. 38.22 rights. Although it is more than simply a recitation of the art. 38.22 warnings, the language in *Garcia* contains *nothing* that cannot be better gleaned from an oral confession. This is because an oral confession must be recorded in order to be admissible, and a court may examine the re- cording to ensure the accused received his warnings and understood them. In the context of an oral confession, an electronic recording demonstrates the defendant has *actually* been read his art. 38.22 rights when he proceeds to participate in an interview, as opposed to the *assertion* in the *Garcia* language that the requirements of 38 .22 have been met. Certainly this is a more meaningful exercise of the judicial function than that allowed by the court in *Garcia*. Therefore, *Garcia* does not implicitly overrule the court's holding in *Barefield*.

court may infer a waiver from the totality of the circumstances. Rather, the court simply cited the language in Garcia's confession to illustrate *why* the trial court's finding of waiver was sound in that particular case.

Reading *Barefield* and *Garcia* together, it is clear the Court of Criminal Appeals has approved the inference of a waiver from the totality of the circumstances in the situation where an oral confession contains a recitation of the art. 38.22 warnings and the defendant indicates he understands his rights and proceeds without hesitation to participate in the interview.

Although Oliver never made any statement that can be construed as an *explicit* waiver of his rights, it is clear from the record his statement was made knowingly, intelligently, and voluntarily. After Martin read each particular art. 38.22 right to Oliver, he asked if Oliver understood that right. In each instance, Oliver indicated to Ranger Martin that he understood the right. Then, without any hesitation, Oliver proceeded to discuss the circumstances surrounding the murder with Martin. Later in the interview with Martin, Oliver invoked his right to counsel. The invocation of this right after questioning had proceeded for some time demonstrates Oliver understood his rights when the interview began and waived same when he discussed the case. It would have added nothing more than mere pro forma compliance for Oliver to further assert that his waiver was "knowing, intelligent, and voluntary." We hold that given the totality of the circumstances, it can be inferred Oliver waived his rights in accordance with art. 38.22.

### Conclusion

We sustain the State's issues and reverse the order of the trial court. The case is remanded for further proceedings consistent with this opinion.