Affirmed and Opinion filed March 27, 2003









Affirmed
and Opinion filed March 27, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00488-CR

____________

 

JERRELL LADREA HAYWOOD,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 56th District Court 

Galveston County, Texas

Trial
Court Cause No. 00CR1843

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Jerrell Ladrea Haywood, was
convicted by a jury of murder.  The trial
court denied appellant=s motion to suppress his videotaped oral confession.  In his sole point of error, appellant
challenges the admissibility of the videotaped statement on the grounds
that  it does not meet the requirements
set forth in the Texas Code of Criminal Procedure.[1]  We affirm.








On
October 11, 2000, appellant was interrogated by Texas City Police Sergeant
Brian Goetschius during an investigation into the
murder of Ernest Joiner.  During the
course of the interrogation, appellant made both a written statement and an
oral videotaped confession.

Prior
to the interrogation, Officer Goetschius formally
read appellant his rights[2]
and presented appellant with a waiver-of-rights form.  After appellant stated he could not read
well, Goetschius asked him if he understood his
rights.  Specifically, he asked appellant
if he understood his rights, if he freely and voluntarily waived those rights,
and if he was willing to make a statement. 
Appellant was then asked if he had any questions, to which he replied, AI
already know all that.@  Appellant initialed
each right and signed the waiver at 2:08 p.m.

Appellant
then gave a two-page written statement. 
The top of the statement lists the warnings again and also contains the
following recitation: AI further state that I understand that I have waived each of my
rights set out at the beginning of this statement and was fully aware of my
waiver of rights during the entire period that the statement was given.@  After 
the entire statement was read to him, appellant signed both pages at
3:09 p.m.  Appellant then gave an oral
videotaped statement. 

The
videotape recording began at 3:27 p.m. 
On the tape, before appellant gave his statement, Goetschius
again read appellant the rights required by article 38.22.  Although appellant did not expressly state he
waived his rights, he stated he understood his rights. Before proceeding, Goetschius confirmed that appellant understood he was being
recorded and understood his rights. 








Appellant
did not object to the written statement being admitted into evidence.  As for the oral confession, appellant claimed
the requirements of article 38.22, section 3(a)(2) were not met because he did
not knowingly, intelligently, and voluntarily waive his rights on the
recording.[3]  At the suppression hearing, the trial court
replayed the first part of the videotape, which contained the reading of the
rights.  The trial court found that
although there was not an affirmative waiver on the recording, an implied
waiver occurred because the written statement, with express waivers, was signed
less than an hour beforehand and the appellant voluntarily proceeded with his
statement after he had received the warnings again on the videotape.  Appellant claims the recorded statement is
inadmissible as he did not expressly waive his rights.

Normally,
a trial court=s admission of evidence is reviewed under an abuse-of-
discretion standard.  See Montgomery
v. State, 810 S.W.2d 372, 378 (Tex. Crim. App.
1990).  Because the facts surrounding the
confession are not disputed, the question of whether appellant=s
videotaped statement was admissible under article 38.22 is a question of law
which we review de novo.  See
State v. Oliver, 29 S.W.3d 190, 191 (Tex. App.CSan Antonio 2000,
pet. ref=d).








Article
38.22, section 3(a)(2) requires an oral statement from an interrogation to
contain a warning to the defendant of his rights and a knowing, intelligent,
and voluntary waiver of those rights.  Oliver,
29 S.W.3d at 191.  In the context
of either a written or oral confession, a waiver of rights may be inferred  rom the actions and
words of the person interrogated.  Id.
at 191-92; see also Barefield v. State, 784
S.W.2d 38, 40-41 (Tex. Crim. App. 1978), overruled
on other grounds by Zimmerman v. State, 860 S.W.2d 89, 94
(Tex. Crim. App. 1993), vacated on other grounds,
510 U.S. 938 (1993).

In
Barefield, the trial court admitted the
defendant=s oral confession.  Like
the instant case, the defendant in Barefield
was given the required warnings and affirmatively stated he understood
them, but did not expressly state he waived his rights.  784 S.W.2d at 40.  Responding to the defendant=s
argument that the confession was inadmissible, the court affirmed the
conviction, stating:

We do not, however,
interpret the oral confession statute to require an express verbal statement
from an accused that he waives his rights prior to giving the statement. In
reaching the voluntariness of a confession, this
Court looks at the totality of the circumstances.

 

Id. at
40-41.  Thus, in the context of an oral
confession, the Court of Criminal Appeals has approved the inference of a
waiver based on the totality of the circumstances surrounding interrogation.  Id.; 
Oliver, 29 S.W.3d at 192.  

Appellant relies on Garcia v. State for the proposition
that Aan
appellant=s acknowledgment that he understood his rights does not
indicate a waiver of those rights.@ 919 S.W.2d 370, 379 (Tex. Crim. App.
1996).  In so doing, appellant argues
that he must expressly waive his rights for the videotape to be
admissible.  However, appellant
mistakenly cites to a portion of that opinion that was superseded by an opinion
on rehearing.  Although the Garcia court
originally reversed and remanded, on rehearing, it affirmed the judgment of the
trial court.  Id. at 383-403.  On rehearing, the court held that a written
confession was admissible, despite the absence of an explicit oral or written
waiver.  Id. at
386-87.  The
court reasoned that a waiver of Garcia=s rights could be inferred from the language of the written
statement.  Id. 








Examining Barefield and
Garcia together illustrates the Court of Criminal Appeals=
approval of an implied waiver when the circumstances show that an oral
confession contains a recitation of the article 38.22 warnings
and the defendant indicates he understands his rights and proceeds with the
interview without hesitation.  Id.  Here, during the course of one continuous
interrogation, appellant=s  rights were read to him several times and he
signed a  written waiver of those
rights.  The videotape contains the article 38.22 warnings and indication from appellant that he understood his
rights.  Given the totality of the
circumstances, we find appellant waived his rights in accordance with article
38.22.  

We overrule appellant=s sole point of error and affirm the judgment of the trial
court.

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

Judgment rendered and Memorandum Opinion filed March 27, 2003.

Panel consists of Justices Yates, Anderson, and Fowler.

Do Not Publish C Tex. R. App. P.
47.2(b). 

 

 

 

 

 

 











[1]  Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(a)(2) (Vernon Supp. 2003).





[2]  The warnings
given complied with article 38.22, section 2(a)(1)-(5) of the Texas Code of
Criminal Procedure.





[3]  Article 38.22,
section 3(a) provides:                  

Sec. 3. (a) No oral
or sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding
unless:(1) an electronic recording, which may include motion picture, video
tape, or other visual recording, is made of the statement;(2) prior to the
statement but during the recording the accused is given the warning in
Subsection (a) of Section 2 above and the accused knowingly, intelligently, and
voluntarily waives any rights set out in the warning;(3) the recording device
was capable of making an accurate recording, the operator was competent, and
the recording is accurate and has not been altered;(4) all voices on the
recording are identified; and(5) not later than the 20th day before the date of
the proceeding, the attorney representing the defendant is provided with a
true, complete, and accurate copy of all recordings of the defendant made under
this article.