Affirmed and Memorandum Opinion
filed December 3, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00521-CR



Sean Thomas
Saunders, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 209th District Court

Harris County, Texas

Trial Court
Cause No. 1082419



 

MEMORANDUM OPINION 

Appellant Sean Thomas Saunders challenges his
conviction for capital murder, claiming in two issues that the trial court
should have excluded two audiotaped statements made by appellant due to alleged
non-compliance with the requirements of article 38.22 of the Texas Code of
Criminal Procedure.  In another issue, appellant claims that the trial court
erred in failing to submit findings of fact and conclusions of law as to the
voluntariness of those statements.  We affirm.

 

 

I.                  
Factual and
Procedural Background

Appellant was charged by indictment with the felony
offense of capital murder for intentionally causing the death of Dorothy
Saunders, appellant’s grandmother, by shooting her with a firearm while in the
course of committing or attempting to commit a robbery.  Appellant pleaded “not
guilty” to the charged offense.

Prior to trial, appellant filed two motions to
suppress two audiotaped statements in which he confessed to shooting his
grandmother.  In one motion, appellant complained of non-compliance with the
waiver requirement set forth in section 3(a) of article 38.22 of the Texas Code
of Criminal Procedure.  In the second motion, appellant challenged the
voluntariness of his statement[1]
under section 6 of article 38.22.  At a pretrial hearing on the suppression
motions, appellant informed the trial court that his claim under section 6 of
article 38.22 was moot, as reflected in the following exchange:

[APPELLANT’S TRIAL COUNSEL]:  Judge, let me refer first
to the Motion to Suppress Defendant’s Audiotaped Statement, the 38.22, Section
6, voluntariness issue.  And the Defense will concede there has been no
evidence during this hearing that [appellant] was coerced into giving a
statement.  So I concede that the voluntariness issue under section 6 is moot.

[TRIAL COURT]:  And the Court has denied your motion in
that case.

The trial court denied both
motions and ruled that both audiotaped statements were admissible.

At trial, the audiotaped statements were admitted
into evidence as State’s Exhibit 73 and State’s Exhibit 74 over appellant’s
renewed objection.  The jury found appellant guilty as charged.  Appellant was
sentenced to a life of confinement. 

II.              
Issues and Analysis

A.    Abatement


In appellant’s first issue, appellant urges this
court to abate for a judicial determination of the voluntariness of appellant’s
audiotaped statements.  

The record reflects that by order dated March 26,
2009, this court abated the appeal and ordered the trial court to reduce to
writing and submit findings of fact and conclusions of law as to the
voluntariness of appellant’s statements as required by article 38.22.  The
record reflects that the trial court timely submitted these findings of fact
and conclusions of law, specifically finding that appellant’s statements were
freely and voluntarily made.  Therefore, appellant’s complaint concerning the
trial court’s failure to enter written findings and conclusions has been
rendered moot by the trial court’s submission of these findings.  

To the extent appellant argues that his statements
were not made voluntarily under section 6 of article 38.22, appellant is
entitled to no relief.  When an accused informs the trial court that an issue
need not be decided, the accused may not reassert that issue on appeal.  See
Cole v. State, 194 S.W.3d 538, 543 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d); Strauss v. State, 121 S.W.3d 486, 489 (Tex. App.—Amarillo
2003, pet. ref’d).  Although appellant initially filed a motion to suppress his
statement based upon section 6 of article 38.22, the record from the pretrial
suppression hearing reflects that appellant conceded the issue was “moot”
because no evidence was produced to support that claim.  See Cole, 194
S.W.3d at 543; Strauss, 121 S.W.3d at 489.  On appeal, appellant
similarly acknowledges that “there is no evidence in the record that appellant
was illegally coerced” when he made his statements.  Having conceded the
voluntariness issue under section 6 of article 38.22, appellant has waived his
right to contest the trial court’s ruling on appeal.  See Cole, 194
S.W.3d at 543; Strauss, 121 S.W.3d at 489.  We therefore overrule
appellant’s first issue.

 

B.    
Waiver under Article 38.22 section 3(a)(2) of the Texas Code of
Criminal Procedure

In his second and third issues, appellant challenges
the admissibility of the two audiotaped statements, claiming that the trial
court erred in admitting the statements based on non-compliance with the waiver
requirement set forth in section 3(a) of article 38.22.[2]  Regarding
the first statement admitted into evidence (State’s Exhibit 73), appellant
claims that the recording does not contain an express waiver of his Miranda
rights.  As to his second statement admitted into evidence (State’s Exhibit 74),
appellant contends that appellant’s response to the investigator’s questions does
not amount to waiver because, although appellant confirmed that he wanted to
talk with the investigator to clarify some matters, appellant’s response is not
the equivalent of waiver.

We review a trial court’s admission of evidence under
an abuse-of-discretion standard.  Montgomery v. State, 810 S.W.2d 372,
378 (Tex. Crim. App. 1990) (op. on reh’g).  Likewise, we review a trial court’s
ruling on a motion to suppress for an abuse of discretion.  Long v. State,
823 S.W.2d 259, 277 (Tex. Crim. App. 1991); Mason v. State, 116 S.W.3d
248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  We view the
evidence adduced at a suppression hearing in the light most favorable to the
trial court’s ruling.  Champion v. State, 919 S.W.2d 816, 818 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d).  At a suppression hearing, the
trial court is the sole finder of fact and is free to believe or disbelieve any
or all of the evidence presented.  Id.  We give almost total deference
to the trial court’s findings of historical fact that depend on credibility and
demeanor, but review de novo the trial court’s application of the law to the
facts if resolution of those ultimate questions does not turn on the evaluation
of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). 

Section 3(a) of article 38.22 provides in relevant
part:

No oral or sign language statement of an accused made
as a result of custodial interrogation shall be admissible against the accused
in a criminal proceeding unless:

. . .

(2) prior to the statement, but during the recording
the accused is given the warning in Subsection (a) of Section 2 above and the
accused knowingly, intelligently, and voluntarily waives any rights set out in
the warning.

Tex. Code Crim. Proc. Ann. art. 38.22 § 3(a) (Vernon 2005).  In
this case, we presume without deciding that appellant’s statements were made as
a result of custodial interrogation.  Section 2 provides as follows:

No written statement made by an accused as a result of custodial
interrogation is admissible as evidence against him in any criminal proceeding
unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a
magistrate the warning provided in Article 15.17 of this code or received from
the person to whom the statement is made that:

(1) he has the right to remain silent and not make any statement at all
and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in
court;

(3) he has the right to have a lawyer present to advise him prior to
and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a
lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement,
knowingly, intelligently, and voluntarily waived the rights set out in the
warning prescribed by Subsection (a) of this section.

Tex. Code Crim. Proc. Ann. art. 38.22 § 2.

            Appellant
specifically argues that while he was asked if he understood his rights, he was
not asked, and he did not explicitly answer, if he knowingly, intelligently,
and voluntarily waived those rights.  However, the waiver provision of section
3(a)(2) does not require that the recording reflect an express waiver of the
rights.  Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000); Etheridge
v. State, 903 S.W.2d 1, 16–17 (Tex. Crim. App. 1994).  In the context of
either a written or oral confession, a waiver of rights may be inferred from
the actions and words of the person being interrogated based on the totality of
the circumstances surrounding the interrogation.  State v. Oliver, 29
S.W.3d 190, 191 (Tex. App.—San Antonio 2000, pet. ref’d).  

            State’s Exhibit
73 was the first of two audiotaped statements that appellant gave during an
interview with a Houston Police Department investigator.  It is undisputed that
appellant received the warnings set out in section 2 before the recording took
place and again after the recording started.  At the hearing on appellant’s
motions to suppress, the investigator who spoke with appellant testified that
before the recording began, he read appellant his rights, appellant indicated
his understanding of each of the rights at that time, and that appellant agreed
to give the statement.  The recording contained in State’s Exhibit 73 reflects
that appellant was given the warnings set out in section 2 of article 38.22. 
Appellant stated that he understood each of the warnings, and, as an indication
of that understanding, he supplied his own definition of the word “terminate”
as an “end” to the interview.  The recording does not reflect that the investigator
asked appellant whether he waived the rights.  However, after being informed of
his rights and after affirmatively indicating his understanding of them, in
response to the investigator’s directive to “tell us what happened,” appellant proceeded
to give his statement.  At no point in the interview did appellant seek to
terminate the interview or invoke any of his rights.  In this statement,
appellant confessed to shooting his grandmother once.  Although appellant never
made any statements in State’s Exhibit 73 that can be construed as an explicit
waiver of his rights, there is nothing in his statement that indicates
appellant did not knowingly, intelligently, and voluntarily waive his rights.[3]  See id.
at 193.

Fifty-five minutes after making the first statement,
appellant gave a second statement to the investigator.  The second statement
was admitted into evidence as State’s Exhibit 74.  It is undisputed that
appellant received the warnings set out in section 2 at the beginning of this
recording.  In the recording, the investigator indicated that appellant was
receiving the warnings for a third time, and appellant did not disagree with
this statement or otherwise indicate the statement was not true.  Appellant affirmatively
demonstrated his understanding of each of the rights as each right was read to
him.  In the recording, the investigator asked if appellant wanted to talk with
the investigator and clarify some matters from the first statement, and
appellant agreed and answered the investigator’s questions.  At no time during
this recording did appellant seek to terminate the interview or invoke any of
his rights.  In this statement, appellant confessed to shooting his grandmother
and taking his grandmother’s credit card and money.  As with appellant’s first
statement, under the totality of the circumstances, we conclude appellant
validly waived his rights under article 38.22 in the State’s Exhibit 74.  See
Oliver, 29 S.W.3d at 191; see, e.g., Sparks v. State, No. 02-07-00356-CR,
2008 WL 4053021, at *3 (Tex. App.—Fort Worth Aug. 28, 2008, no pet.) (mem. op.)
(involving a recording in which an accused affirmatively responded and answered
questions in response to an investigator’s question, “[C]an we talk about it? .
. .  [Y]ou have to waive those rights before we’re supposed to talk about
it.”). 

Appellant contends this court should decline to
follow Rocha v. State and Etheridge v. State, cases in which the
courts rely on Barefield v. State, 784 S.W.2d 38, 40–41 (Tex. Crim. App.
1989), overruled on other grounds by Zimmerman v. State, 860 S.W.2d 89,
94 (Tex. Crim. App. 1993).  In Barefield, the Court of Criminal Appeals
held that the statute for oral confessions does not require that a recorded
statement contain an express verbal statement from the accused that he waives
his rights prior to giving a statement.  See Barefield, 784 S.W.2d at
40–41.  Appellant claims that the Etheridge court, in relying on Barefield,
did not address the fact that with an oral statement, there is no
requirement for ratification as compared to a signature on a written
statement.  Appellant provides no authority for support that this rationale precludes
admission of his audiotaped statements.[4] 
The Court of Criminal Appeals in Etheridge rejected a distinction
between an oral statement and a written statement and confirmed that the
relevant portion of Barefield was correctly decided in that no
additional language was required before a trial court reasonably could infer
that an accused had waived his rights under article 38.22.  See Etheridge,
903 S.W.2d at 16–17; see also Oliver, 29 S.W.3d at 193 n.2 (“In the context
of an oral confession, an electronic recording demonstrates the defendant has actually
been read his art. 38.22 rights when he proceeds to participate in an
interview, as opposed to the assertion . . . that the requirements of
38.22 have been met.”).  As an intermediate court, we are required to follow the
binding precedent of the Court of Criminal Appeals.  See Gonzales v. State,
190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  

Appellant next attempts to distinguish Rocha and
Etheridge on the basis that statutory changes, namely the addition of
section 3(e) to article 38.22 post-Barefield renders the analysis in Barefield
obsolete.  Section 3(e) requires strict construction of article 38.22 section
3(a), and with the exception of circumstances not applicable in this case,
requires exclusion of statements unless the requirements of section 3(a) are
satisfied.  Tex. Code Crim. Proc. Ann.
art. 38.22 § 3(e); see Tigner v. State, 928 S.W.2d 540, 546 (Tex. Crim.
App. 1996).  However, section 3(a)(2) does not require a recording of an
accused’s statement to contain an explicit waiver of rights, and as discussed
above, we conclude appellant validly waived his rights under article 38.22.  See
Rocha, 16 S.W.3d at 12.  Although appellant cites to Davidson v. State,
25 S.W.3d 183 (Tex. Crim. App. 2000), for support, that case is not on point
because the statements at issue in Davidson were not electronically recorded
and therefore did not comply with the requirement in section 3(a)(1) that
statements be electronically recorded.  See 25 S.W.3d at 185.

Nothing in either State’s Exhibit 73 or State’s Exhibit
74 suggests that appellant did not knowingly, intelligently, or voluntarily
waive his rights in making the statements.  See Oliver, 29 S.W.3d at 190. 
From these recordings, under the totality of the circumstances, it reasonably can
be inferred that appellant waived his rights in accordance with article 38.22. 
See id. at 193.  Therefore, the trial court did not err in
admitting the audiotaped statements into evidence or in overruling appellant’s
motion to suppress the statements under section 3(a) of article 38.22.[5]  Accordingly,
we overrule appellant’s second and third issues.

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).                                                                                

                                                                                    









[1]
The reference in appellant’s motion was to a singular statement.  It is unclear
which of the two statements that appellant intended in filing this motion to
suppress.





[2]
Unless otherwise specified, all references to an “article” are to to the Texas
Code of Criminal Procedure.





[3]
Because we conclude that the appellant’s statements met the requirements of
section 3(a)(2), we do not reach appellant’s arguments that section 3(c) is
inapplicable to these statements.  





[4]
However, the San Antonio court of appeals rejected a somewhat similar argument
that additional waiver language, comparable to an accused’s initials beside
written warnings, is required for a reviewing court to infer an accused’s
waiver under article 38.22 for oral confessions.  See Oliver, 29 S.W.3d
at 192 (considering the facts of Garcia v. State, 919 S.W.2d 370, 387
(Tex. Crim. App. 1994), pertaining to a written confession, and determining
that the totality of the circumstances warranted inference of waiver if an oral
confession contains a recitation of the warnings, the accused acknowledges his
understandings of his rights, and the accused proceeds without hesitation to
participate in an interview).  





[5]
Because we conclude that the trial court did not err in admitting the
statements, we do not reach the merits of appellant’s arguments that he
suffered harm from the alleged error.