Affirmed and Memorandum Opinion filed September 25, 2007








Affirmed and Memorandum Opinion filed September 25, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00737-CR

____________

 

LARRY GLENN COLLINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1047869

 



 

M E M O R A N D U M   O P I N I O N

Appellant Larry Glenn Collins appeals from the trial court=s denial of his
motion to suppress an audiotaped statement given to the police.  In two issues,
he claims the statement was taken after he requested counsel in violation of
his rights under the Fifth and Sixth Amendments to the United States
Constitution.  We affirm.








In November 2005, Detective Roy Swainson of the Houston
Police Department (AHPD@) asked Detective
Alfred Paige of the Galveston Police Department to arrest appellant, who was
living in Galveston, pursuant to a capital murder warrant issued for appellant
for a murder in Harris County.  Detective Paige arrested appellant and held him
in the Galveston County Jail until Detective Swainson could transport appellant
to Houston later that day.  When, several hours later, it appeared that
Detective Swainson would not arrive in Galveston before 5:00 p.m., Swainson
asked Detective Paige to take appellant before a magistrate judge to be
administered Miranda warnings and other warnings required by the Texas
Code of Criminal Procedure.  See Miranda v. Arizona, 384 U.S. 436, 467B68 (1966); Tex. Code Crim. Proc. Ann. arts. 15.17,
26.04 (Vernon Supp. 2006).

Detective Paige retrieved appellant and told him that HPD
was on the way and would want to talk to him if he chose.  Detective Paige
further informed appellant that he was going before a magistrate judge to
discuss his rights and receive warnings.  Appellant told Detective Paige that
he wanted to tell his side of the story.  However, Detective Paige viewed his
role as limited to assisting HPD in arresting appellant.  Because it was not
his case to investigate and because it was past the end of his shift, Detective
Paige told appellant that he did not want to hear appellant=s story and that
he would have an opportunity to tell HPD.

Detective Paige escorted appellant to the magistrate judge
and brought the necessary forms.  One form requested that appellant indicate
whether he wanted counsel, and appellant signed the portion of the form
indicating he wanted counsel.  The magistrate judge discussed all the statutory
warnings with appellant, which appellant appeared to understand.  The
magistrate judge told appellant he had no authority to appoint counsel and that
counsel would be appointed by the district judge in Houston.  After the
hearing, in the hall outside the courtroom, appellant again told Detective
Paige that he wanted to tell his story, and Detective Paige again told
appellant not to tell him but to wait and tell HPD.








Later that evening when Detective Swainson arrived in
Galveston, Detective Paige told him that appellant had been requesting to talk
and offered Swainson the use of an interview room.  While escorting appellant
to the interview room, Detective Paige told appellant that HPD had arrived and
that he could now tell his story if he chose.  When appellant entered the room,
Detective Swainson told appellant he was from HPD and was investigating a
murder and said he would like to talk to appellant.  Detective Swainson set up
the audio recorder and then, on the tape, confirmed with appellant that he had
gone before a magistrate judge earlier that day and was read his statutory
rights and warnings.  Detective Swainson then read appellant his rights again,
and appellant stated on the tape that he voluntarily waived those rights and
was willing to give a statement.  Detective Swainson had seen the form
indicating appellant wanted counsel and had discussed it with Detective Paige,
who assured him the request was for trial counsel, not for counsel to assist
with the police interview.  Detective Swainson specifically asked appellant
about his request for counsel to the magistrate judge, and appellant confirmed
that he wanted an attorney at some point but wanted to talk to Detective
Swainson right then.  Appellant then gave a statement implicating himself in
the murder Detective Swainson was investigating.  He told Detective Swainson
that it had Abeen eating [him] up@ and that he had
been planning on turning himself in after the holidays.  Appellant never told
Detective Paige or Detective Swainson that he did not want to talk to the
police and wanted an attorney right then.

Appellant filed a motion to suppress his audiotaped
statement, arguing that because it was taken after he requested counsel, his
rights under the Fifth and Sixth Amendments were violated.  After the
suppression hearing, in which Detectives Paige and Swaison as well as the
magistrate judge testified, the trial court found that (a) everyone assumed
appellant was requesting counsel for trial and not the police interview, (b)
appellant never said he wanted an attorney for the interview, (c) appellant
said he wanted to talk to the police, both before and after receiving warnings
from the magistrate judge, and (d) appellant gave his audiotaped statement
after being advised of his Miranda rights.








We review a trial court=s ruling on a
motion to suppress for an abuse of discretion.  Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003).  At a
suppression hearing, the trial judge is the trier of fact and assesses the
witnesses= credibility and the weight to be given to their
testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007).  As long as
they are supported by the record, we afford almost total deference to a trial
court=s findings of
historical fact.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Further,
we defer to a trial court=s application of law to fact rulings if
they turn on an evaluation of credibility and demeanor.  Id. 

In his two issues, appellant argues that the trial court=s failure to
suppress his audiotaped statement violated his rights to counsel under the
Fifth and Sixth Amendments.  He argues that he invoked his right to counsel by
so indicating on the magistrate judge=s form and that
the record does not support the trial court=s finding that his
request for counsel was only for trial and not for the police interview.  We
conclude that even if appellant is correct that his request was for immediate
counsel and not trial counsel, he waived that protection. 

Under both the Fifth and Sixth Amendments, once a defendant
invokes the right to counsel, he can waive this protection by reinitiating
further communication with the police and then knowingly and voluntarily
waiving his right to counsel.  See Cross v. State, 144 S.W.3d 521, 526B27 (Tex. Crim.
App. 2004) (citing Oregon v. Bradshaw, 462 U.S. 1039, 1045B46 (1983)); Hargrove
v. State, 162 S.W.3d 313, 321B22 (Tex. App.CFort Worth 2005,
pet. ref=d); Hunter v.
State, 148 S.W.3d 526, 529, 533 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d), cert. denied, 126 S. Ct. 2286
(2006).  The trial court found that appellant wanted to talk to the police,
both before and after being warned by the magistrate judge.  Detective Paige=s testimony that
he did not want to talk to appellant and that appellant kept requesting to
talk, even after requesting counsel, is undisputed.  In his brief, appellant
admits he requested to talk to the police but argues he did not knowingly and
voluntarily waive his Fifth and Sixth Amendment rights, stating as follows:  








[Appellant] told Detective Paige
that he wanted to speak to law enforcement, Appellant was continually told that
he would have to wait until officers from Houston arrived, Appellant went
before a magistrate and requested counsel, and the magistrate said you will
have to wait.  Appellant has been put in the position of being told that his one
chance to give his version of the events that led to his arrest would be
when officers arrived from Houston to interview him, but that he cannot have an
attorney until he himself returns to Houston.  Given the timing of events, it
is a reasonable conclusion that Appellant believed if he ever wanted to have
his version of events told, he would have to do so without the benefit of
counsel.

(emphasis added).  We reject this argument.  Detective
Paige never told appellant that he had only Aone chance@ to tell his storyChe only told appellant that he personally did not want to hear it. 
Appellant could have delayed speaking to police until he had counsel. 
Detective Swainson re-administered appellant=s Miranda warnings on tape before interviewing him
and even specifically inquired about appellant=s request of counsel form, and appellant said he
wanted to talk right then.  Thus, the trial court=s findings that appellant never asked for an
attorney for the interview, wanted to talk to the police both before and after
receiving the magistrate judge=s warnings, and gave his statement after again receiving his Miranda
warnings are supported by the record.  Based on this evidence and these
findings, we conclude the trial court did not abuse its discretion in denying
appellant=s motion to suppress his
audtiotaped statement.  See Hunter, 148 S.W.3d at 529, 533; cf.
Hargrove, 162 S.W.3d at 323 (finding that even though defendant had
reinitiated police contact after requesting counsel before a magistrate, he did
not knowingly and voluntarily waive his right to counsel thereafter because
police did not re-administer Miranda warnings before interviewing him). 
We overrule appellant=s two issues and affirm the trial
court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 25, 2007.

Panel consists of
Justices Yates, Seymore, and Edelman.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

*  Senior Justice
Richard H. Edelman sitting by assignment.