Affirmed and Memorandum Opinion filed November 18, 2008








Affirmed and Memorandum Opinion filed November 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00426-CR

____________

 

RAFAEL BAEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1114314

 



 

M E M O R A N D U M   O P I N I O N








Appellant Rafael Baez challenges his conviction for capital
murder, claiming the trial court abused its discretion in admitting appellant=s videotaped
confession because the recording device, the operator, and the actual video did
not meet the requirements of article 38.22, section 3(a)(3) of the Texas Code
of Criminal Procedure.  Appellant also claims the trial court erred in
admitting the videotape because in it, the interrogating officer continued to
question appellant after he allegedly invoked his Fifth Amendment right to
remain silent, signaling his intention to terminate the interview.  Because
there is no merit in these points, we affirm.

I.  Factual and Procedural Background

Appellant was charged with capital murder.  At a pre-trial
hearing on appellant=s motions to suppress, appellant sought to
suppress his videotaped confession to police, claiming that the recording
device was not capable of making an accurate recording, the video, itself, was not
accurate, and the operator of the recording device was not competent. 
Appellant also challenged the admissibility of the video because he claims that
his words, Ado I have to say@ indicated his
desire to invoke his Fifth Amendment right to remain silent and signaled his
intention to terminate the interview.  The trial court denied appellant=s motions.  In the
trial that followed, the trial court admitted the video into evidence, over
appellant=s renewed objection, and allowed the jury to view the
video in the guilt-innocence phase.  In the video, appellant confessed to
shooting the complainant.

The jury found appellant guilty as charged, and the trial
court sentenced him to confinement for life.

II.  Issues and Analysis

A.      Did the trial court abuse
its discretion in admitting the videotape of appellant=s confession under article 38.22 of
the Texas Code of Criminal Procedure?








In two issues, appellant complains that the trial court
erred in admitting appellant=s videotaped confession under article
38.22, section 3(a)(3).  In his first issue, appellant claims that the
recording device was incapable of an accurate recording and the operator of the
device was not competent.[1] 
In his second issue, appellant claims the recording, itself, was inaccurate. 
Appellant filed several pre-trial motions, claiming under article 38.22,
section 3(a)(3) that the recording device was not capable of making an accurate
recording and the recording, itself, was not accurate.

We review a trial court=s ruling on the
admissibility of evidence under an abuse-of-discretion standard.  See Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Specifically, whether
the predicate for admission of a videotaped confession has been satisfied is a
matter within the trial court=s discretion.  McEntyre v. State,
717 S.W.2d 140, 146 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d).  Section
3(a)(3) of article 38.22 provides that a defendant=s oral statement
is not admissible against the defendant in a criminal proceeding unless Athe recording
device was capable of making an accurate recording, the operator was competent,
and the recording is accurate and has not been altered.@  Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005 & Supp. 2008). 








The trial court is within its discretion to infer that the
requirements of section 3(a)(3) have been met if the tape is an accurate
portrayal of the interview.  See Maldonado v. State, 998 S.W.2d 239, 246
n.9 (Tex. Crim. App. 1999); Falcetta v. State, 991 S.W.2d 295,
298 (Tex. App.CTexarkana 1999, pet. ref=d).  A person with
knowledge of the interview need only testify that the video is an accurate
portrayal of the interview and has not been altered in order to meet the
requirements of article 38.22, section 3(a)(3).  See Minger v. State,
No. 11-01-00107-CR, 2003 WL 190729, at *4 (Tex. App.CEastland 2003, no
pet.) (not designated for publication) (concluding that testimony of witness
with personal knowledge that the video accurately portrays the interview
permits inference of compliance with article 38.22, section 3(a)(3)); see
also Tex. R. Evid. 901(b)(1);
Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). 

Appellant complains that the audio quality and an Aelectronic hum,@ as heard for most
of the video, contributes to the poor quality of the video and affects the
accuracy of the recording.  In this case, Officer Mosqueda had personal
knowledge of the video because he conducted the interview with appellant.  See
Tex. R. Evid. 901(b)(1); Minger,
2003 WL 190729, at *4; see also Falcetta, 991 S.W.2d at 298.  At
times, it is difficult to hear appellant speak on the video, and the parties
and the trial court acknowledged as much at the pre-trial hearing.  Officer
Mosqueda testified that he asked appellant to sit up and speak more clearly
several times in the interview because appellant=s words were
difficult to hear, even for Officer Mosqueda.  The video supports this
testimony.  Officer Mosqueda reviewed the video and testified that the video
was an accurate recording of the interview and had not been altered.  Though
inadvertent as well as intentional anomalies in a recording may affect
reliability and admissibility of a recording, Officer Mosqueda=s testimony
supports an inference that the video accurately reflects Officer Mosqueda=s interview with
appellant, that any anomalies in the video were unintentional, and that the
video had not been impermissibly altered in the sense contemplated by article
38.22, section 3(a)(3).  See Maldonado, 998 S.W.2d at 245B46 (admitting a
videotape with Askips@ under article
38.22, section 3(a)(3)); see also Quinones v. State, 592 S.W.2d 933, 944
(Tex. Crim. App. 1980) (AIf the alteration is accidental and is
sufficiently explained so that its presence does not affect the reliability and
trustworthiness of the evidence, the recording can still be admitted.@); McEntyre,
717 S.W.2d at 145, 148B49 (admitting surveillance video with
seven-minute Agap@ and police radio interference when there
was no evidence of specific alterations and only speculation of possible
alterations).








Because Officer Mosqueda had personal knowledge of
the interview, he need only to have testified that the tape was accurate and
had not been altered to meet the requirements of article 38.22, section
3(a)(3).  See Minger, 2003 WL 190729, at *4; see also Falcetta,
991 S.W.2d at 298B99.  Officer Mosqueda testified that the
recording device used to record appellant=s statement was
capable of making an accurate recording.  Moreover, Officer Mosqueda testified
that the video was a fair and accurate representation of the interview he
conducted with appellant.  He testified that the tape had not been altered in
any way.  From Officer Mosqueda=s testimony, the trial court could infer
that the recording device functioned properly.  See Sanchez v. State,
No. 03-03-00139-CR, 2005 WL 1536219, at *7 (Tex. App.CAustin June 30,
3005, no pet.) (mem. op., not designated for publication); Minger, 2003
WL 190729, at *4.  

Accordingly, the videotape met the requirements of article
38.22, section 3(a)(3).  See Minger, 2003 WL 190729, at *4.  Therefore,
the trial court was within its discretion in admitting the videotape.  See
Maldonado, 998 S.W.2d at 246; Minger, 2003 WL 190729, at *4.  We
overrule appellant=s first and second issues.

B.      Did the trial court abuse its discretion in
admitting appellant=s videotaped confession based on appellant=s claims that the video shows that
appellant invoked his Fifth Amendment right to silence and indicated his
intention to end the interview? 

In his third issue, appellant asserts that in the video, in
response to Officer Mosqueda=s questions about the murder, when
appellant asked the officer,Ado I have to say,@ appellant invoked
his Fifth Amendment right to remain silent and indicated his intention to
terminate the interview. 








We review a trial court=s ruling to admit
or exclude evidence under an abuse-of-discretion standard.  Ramos v. State,
245 S.W.3d 410, 417B18 (Tex. Crim. App. 2008).  The Fifth
Amendment of the United States Constitution provides that A[n]o person . . .
shall be compelled in any criminal case to be a witness against himself.@  U.S. Const. amend. V.  Under the Fifth
Amendment, law enforcement officials, before questioning a person in custody,
must inform a defendant that he has the right to remain silent and that any
statement he makes may be used against him in court.  Miranda v. Arizona,
86 S. Ct. 1602, 1612, 384 U.S. 436, 444, 16 L. Ed. 2d 694 (1966); Ramos,
245 S.W.3d at 418.  If a suspect makes a statement governed by Miranda
and invokes his right to remain silent, a law enforcement officer=s failure to end
the questioning after the suspect invokes that right violates the suspect=s rights and
renders any subsequently obtained statements inadmissible.  See Dowthitt v.
State, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996).  

An officer need not stop the interview unless the suspect
makes an unambiguous invocation of his rights.  Ramos, 245 S.W.3d at
418; Dowthitt, 931 S.W.2d at 257.  Though no particular
phraseology is necessary to invoke a defendant=s right to remain
silent, any declaration in any manner of a desire to remain silent or to
terminate the interview will suffice.  Ramos, 245 S.W.3d at 418.  A
reviewing court looks to the totality of the circumstances to determine whether
a defendant unambiguously has invoked his right to remain silent.  See
Watson v. State, 762 S.W.2d 591, 597 (Tex. Crim. App. 1988).  The totality
of the circumstances must illustrate that the suspect actually invoked his
right by expressing a definite desire.  See  Mayes v. State, 8 S.W.3d
354, 358B59 (Tex. App.CAmarillo 1999, no
pet.); see also Dinkins v. State, 894 S.W.2d 330, 350B51 (Tex. Crim.
App. 1995) (invoking right to counsel).  Ambiguity exists when a suspect=s statement is
subject to more than one reasonable interpretation under the circumstances.  See
Williams v. State, 257 S.W.3d 426, 433 (Tex. App.CAustin 2008, pet.
filed) (citing Dowthitt, 931 S.W.2d at 257).  An officer is not
required to clarify any ambiguous remarks.  Id.  Once a person in
custody invokes a Fifth Amendment right to remain silent, then the
admissibility of such statements in court depends on whether that person=s right was Ascrupulously
honored.@  Ramos,
245 S.W.3d at 418.








In this case, the video shows that Officer Mosqueda read
appellant his rights, and appellant orally acknowledged his understanding of
each right after Officer Mosqueda read it to him.  Next, appellant was provided
a written admonition of his rights, and appellant placed his initials beside
each written statement acknowledging the right.  Officer Mosqueda then asked
appellant to read aloud each of those rights and indicate whether he
understood.  Appellant answered in the affirmative.  Officer Mosqueda and appellant
then engaged in a fuller discussion regarding appellant=s understanding of
Awaiver@ and Aterminate.@  Appellant
indicated that he understood that the term Aterminate@ meant Ato end.@  After
acknowledging  his understanding of his right to remain silent, he indicated he
wished to waive it and agreed to speak with Officer Mosqueda, saying AIf you got me, you
got me, I might as well.@

Appellant then answered Officer Mosqueda=s specific
questions about the case for forty minutes, explaining the circumstances
leading up to the murder, including the agreement he made to murder the
complainant, naming the individuals involved, describing his own role in the
murder, and indicating the amount of money he was owed for his actions.  After
forty minutes of questioning, when Officer Mosqueda asked, AWhat happened
next,@ appellant asked, AIf I know, do I
have to say?@  In response, Officer Mosqueda commented that the
interview was an opportunity for appellant to Aget the matter off
of [his] chest,@ noting that they had gotten far into the
interview.  Appellant did not request to terminate the interview.  Appellant
admitted that he shot the complainant.  At trial, Officer Mosqueda testified to
appellant=s confession without objection.








The totality of circumstances in this case supports the
conclusion that appellant, knowingly, intelligently, and voluntarily waived his
rights by acknowledging his understanding of his rights at least three times
and discussing many incriminating facts for forty minutes with Officer
Mosqueda.  See Hargrove v. State, 162 S.W.3d 313, 318B19 (Tex. App.CFort Worth 2005,
pet. ref=d).  Appellant=s inquiry, Ado I have to say,@ is one question
in the context of the entire interview throughout which appellant answered
Officer Mosqueda=s questions without hesitation and
described many incriminating details after thrice acknowledging his
understanding of his rights.  See id.  By inquiring, Ado I have to say,@ appellant, at
best, expressed ambivalence toward waiving his rights, but appellant did not
unambiguously or clearly express a definite desire to invoke his right to
remain silent.  See Mayes, 8 S.W.3d at 358B59 (concluding
that a statement made by a suspect who Adid not know if
she wanted to talk@ expressed ambivalence about speaking with
law enforcement officers and was not an unambiguous assertion of the right to
remain silent); see also Dowthitt, 931 S.W.2d at 257.  At no point did
appellant seek to end the interview, express a desire to remain silent, request
an attorney, or invoke any of his rights.  Officer Mosqueda was not obligated
to seek clarification of appellant=s ambiguous
inquiry.  See Dowthitt, 931 S.W.2d at 257.  Under the totality of
circumstances, appellant=s statement, Ado I have to say,@ was ambiguous and
Officer Mosqueda did not violate appellant=s rights by
continuing the interrogation.[2] 
See id.  Moreover, appellant=s statement in
this context was not an unambiguous request to terminate the interview.  See
id.

The record in this case reasonably supports the trial court=s implied ruling,
in admitting the statement, that appellant did not unambiguously assert his
right to remain silent.  See id. (concluding statement, AI can=t say more than
that. I need to rest,@ was not an unambiguous invocation of the
right to remain silent).  Under these circumstances, there is no abuse of
discretion by the trial court.








Furthermore, an error in the admission of evidence is cured
when the same evidence comes in elsewhere without objection.  Anderson v.
State, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986); Hudson v. State,
675 S.W.2d 507, 511 (Tex. Crim. App. 1984).  Even if we were to presume that
the trial court erred in admitting the videotape, Officer Mosqueda testified at
trial without any objection that appellant admitted shooting the complainant.[3] 
Therefore, even if appellant=s statement were interpreted as a request
to terminate the interview, the trial court=s admission of the
video would provide no grounds for reversal given that the same evidence was
admitted at trial.  See Dowthitt, 931 S.W.2d at 257.  Accordingly, we
overrule appellant=s third issue.

Having found no merit in any of appellant=s points, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed November 18, 2008.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  None of appellant=s
motions to suppress raise the issue at the trial-court level that the operator
was not competent in making an accurate recording.  Appellant=s motions and arguments at the pre-trial hearing
involved a claim, among others, that the recording device and the recording,
itself, did not comply with the requirements of article 38.22, section
3(a)(3).  Only on appeal does appellant raise the issue of the competency of
the operator of the recording device.  To preserve a complaint for appellate review, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim. App. 2002). 
Appellant has not cited and we have not found any place in the appellate record
showing that appellant raised this issue in the trial court.  Because he did not raise this objection with the
trial court, appellant=s complaint as to the operator=s competency in recording the video is waived.  See
Tex. R. App. P. 33.1; Reed
v. State, 227 S.W.3d 111, 117 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d).





[2]  Appellant relies on the case of Ochoa v. State
for support that his statement expressed an unambiguous statement to remain
silent and terminate the interview.  573 S.W.2d 796, 800-01 (Tex. Crim. App.
1978) (holding that a defendant=s remark about
speaking with an attorney obligated the interviewing officer to cease the
interrogation).  However, Ochoa is factually distinguishable because, A[a]lthough [Ochoa] did not make a >formal request= or
absolute demand for a lawyer, he did in some manner indicate to [the officer]
that he wanted to exercise his right to counsel.@  Id.  In this case, the record does not support a conclusion
that appellant unambiguously exercised his right to remain silent.





[3]  Appellant=s
objections at the pre-trial suppression hearing and at trial were lodged only
at suppression of the videotaped confession under article 38.22, section 3 of
the Texas Code of Criminal Procedure; appellant did not complain either at
trial or on appeal of Officer Mosqueda=s
testimony regarding appellant=s confession in
the interview.