

# NUMBER 13-11-00427-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LEROY WINFIELD JR.,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

### On appeal from the 88th District Court
### of Hardin County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Rose Vela**

Appellant, Leroy Winfield Jr., pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02 (West 2011), and was placed on deferred-adjudication community supervision. Afterwards, the State filed a motion to revoke appellant's community supervision, and he pleaded "true" to the violations alleged in the motion. The trial court adjudicated him guilty of the underlying

offense, revoked his community supervision, and sentenced him to twenty years' imprisonment. By one issue, appellant asserts the trial court erred by admitting his written statement into evidence because it did not comply with article 38.22, section 2(b) of the Texas Code of Criminal Procedure. We affirm.[1]

## I. REVOCATION HEARING

After appellant pleaded "true" to the violations alleged in the motion to revoke, the case proceeded to the punishment phase. The state's witness, Randy Martin, the Chief of Police for Kountze, Texas, testified that on May 19, 2011, he began investigating a capital murder case in that city. His investigation focused on several suspects, including appellant, who eventually gave him a handwritten statement.

During Chief Martin's direct-examination, the prosecutor offered exhibits five and six into evidence. Both exhibits reflect appellant's handwritten statement and are identical, except that Chief Martin later wrote in his own name and the date the statement was given on page one of the statement and on the last page signed his name in two places as shown in exhibit six.

Specifically, Chief Martin testified appellant initialed each of the warnings contained on the form on which appellant wrote his statement. When the prosecutor asked Chief Martin, "Now, in your opinion, did he [appellant] understand . . . [the warnings]?", he said, "Yes, sir, he did. We asked him several times to confirm that he did understand them." When the prosecutor asked Chief Martin, "Would you look at both of these statements [exhibits five and six] and be sure that was what was done by [appellant]

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

in front of you that day?", he replied, "Yes, sir. These are the statements that he wrote out. This one does have some additions that I did." He testified that, approximately two hours after he concluded the interview with appellant, he (Chief Martin) filled in "[m]y name, the date, and my signature on the back page." Chief Martin testified that because of "an oversight," appellant did not sign his own name on the "line for a signature of person waiving rights." When the prosecutor asked Chief Martin, "But he [appellant] did initial them [the warnings] in your presence, and you asked him if he was doing it voluntarily, knowingly and . . . intelligently; is that correct?", he said, "Yes, sir, that's correct."

When the prosecutor offered exhibits five and six into evidence, defense counsel objected that "the statement does not satisfy the requirements under 38.22, section 2 because . . . the fact that [appellant] has initialed each of his rights, he's understanding by initialing that what his rights are but he needs to sign the waiver to represent that he is waiving those rights." The trial court overruled the objection and admitted exhibits five and six into evidence.

Exhibits five and six are titled "WAIVER OF RIGHTS AND STATEMENT FORM." Below the title, the exhibits list the five rights and warnings required by article 38.22, section 2(a) of the Texas Code of Criminal Procedure. Immediately below the rights and warnings, each exhibit has a line with appellant's initials followed by this statement: "(6) That I, prior to and during the making of this statement, fully understanding the rights listed above in numbers 1 through 5, do knowingly, voluntarily and intelligently waive those rights and warnings as indicated by my initials placed by each right and warning."

3

Below this language, each exhibit has a blank signature line. Under this signature line appears: "SIGNATURE OF PERSON WAIVING RIGHTS."

Appellant asserts he "did initial a part of the form which addresses his waiving his rights, but the form also had a place for the signature of the person waiving the rights which was not signed by Appellant." He contends that exhibits five and six "did not unambiguously meet the requirement of article 38.22 Section 2(b) . . . because Appellant did not place his signature on the statement near or adjacent to the acknowledgement mandated by the statute."

### 1. Standard of Review

Normally, a trial court's admission of evidence is reviewed under an abuse-of-discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006) (citing *Rachal v. State*, 917 S.W.2d 799, 816 (Tex. Crim. App. 1996)). However, because the facts surrounding appellant's statement are not disputed, the question of whether his statement was admissible under Article 38.22 is a question of law which we review de novo. *See State v. Oliver*, 29 S.W.3d 190, 191 (Tex. App.—San Antonio 2000, pet. ref'd).

### 2. Article 38.22, § 2(a) & (b) of the Texas Code of Criminal Procedure

Article 38.22, section 2 provides:

No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

4

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Section (a) of this section.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a), (b) (West 2005).

### 3. Analysis

Even assuming appellant failed to expressly waive his rights, we find he implicitly waived them. In *Leza v. State*, the court of criminal appeals stated "we have consistently held that waiver of Article 38.22 rights 'may be inferred from actions and words of the person interrogated.'" 351 S.W.3d 344, 353 (Tex. Crim. App. 2011) (quoting *Barfield v. State*, 784 S.W.2d 38, 41 (Tex. Crim. App. 1989)); *see also Etheridge v. State*, 903 S.W.2d 1, 16–17 (Tex. Crim. App. 1994) (expressly declining to overrule *Barfield*, and finding an implied waiver when the accused was informed of his rights, declared he understood them, and agreed to continue with questioning); *Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Cirm. App. 2000) (following *Etheridge*). In *Leza*, the court of criminal appeals explained that "[w]hile we have also said that such implied waivers are not to be

5

preferred,[2] we have acknowledged that it is within a trial court's discretion to rely upon an implied waiver whenever the totality of the circumstances, as reflected by the recording of the oral statement, supports it." *Leza*, 351 S.W.3d at 353 (citing *Joseph v. State*, 309 S.W.3d 20, 25–26 n.7 (Tex. Crim. App. 2010)). "This construction of the statute, although it has been criticized by some,[3] has the virtue of being consistent with the Supreme Court's most recent pronouncement with respect to what may serve to constitute an implied waiver of the Fifth Amendment right to remain silent." *Id.* at 353–54 (citing *Berghuis v. Thompkins*, 130 S.Ct. 2250 (2010) (stating when "the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent").

In the instant case, the totality of the circumstances show appellant: (1) placed his initials next to each of the rights and warnings required by article 38.22, section 2(a); and (2) placed his initials next to the statement which read: "(6) That I, prior to and during the making of this statement, fully understanding the rights listed above in numbers 1 through 5, do knowingly, voluntarily and intelligently waive those rights and warnings as indicated by my initials placed by each right and warning." In addition, when the prosecutor asked Chief Martin, "Now, in your opinion, did he [appellant] understand . .

---

2 *Watson v. State*, 762 S.W.2d 591, 601 (Tex. Crim. App. 1988).

3 *See, e.g.*, George E. Dix & John M. Schmolesky, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 16;96 (3d ed. 2011), at 136–7 (observing that our case law "assumes that the rule that waiver may be implied means that an implied waiver is proved by evidence that the accused was admonished of his rights and then made the statement without affirmatively demanding that those rights be respected. This simply cannot be the case. At a bare minimum, an implied waiver . . . should require that the accused, after being admonished . . . was asked in substance whether he nevertheless was willing to submit to questioning or to discuss the matter with the officer").

. [the warnings]?", he said, "Yes, sir, he did. We asked him several times to confirm that he did understand them." Given the totality of the circumstances, we find that appellant waived his rights and that he knowingly, intelligently, and voluntarily waived his rights as required by article 38.22. *See Turner v. State*, 252 S.W.3d 571, 583 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding defendant validly waived his rights when he understood his rights and proceeded to answer questions); *Hargrove v. State*, 162 S.W.3d 313, 318-19 (Tex. App.—Fort Worth 2005, pet. ref'd) (finding accused validly waived rights despite lack of explicit waiver); *Oliver*, 29 S.W.3d at 193 (finding that, despite lack of explicit waiver, accused knowingly, intelligently, and voluntarily made a statement after reading his rights, indicating he understood them, and proceeding without hesitation to discuss circumstances surrounding the murder). Such an implicit waiver is valid under article 38.22 and under the United States and Texas Constitutions. *Turner*, 252 S.W.3d at 583–84. We hold the trial court did not err by admitting exhibits five and six into evidence. We overrule appellant's sole issue for review.

## II. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.

7