Affirmed and Memorandum Opinion filed April 24, 2008








Affirmed and Memorandum Opinion filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00162-CR

_______________

 

NICHOLAS VONERIC THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 1009588

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Nicolas Voneric Thomas, guilty of murder.  The trial court
assessed a sentence of fifty years= confinement.  In six issues,
appellant contends the trial court erred by denying his motion to suppress his
videotaped statement because (1) the videotape failed to show compliance with
article 38.22 of the Texas Code of Criminal Procedure; (2) he was denied his
right to assistance of counsel; and (3) he did not knowingly, intelligently,
and voluntarily waive his rights under the Fifth and Fourteenth Amendments to
the United States Constitution.  Our disposition is based on settled law. 
Accordingly, we issue this memorandum opinion and affirm.  See Tex. R.
App. P. 47.4.








I. Background

In the
early morning hours of August 18, 2004, appellant and another man were involved
in a car chase with complainant, Broderick Johnson, in southwest Houston. 
During the chase, appellant used a rifle to fire multiple shots at complainant=s vehicle.  At least one bullet
struck complainant in the back, causing his death.

Houston
police officers investigated the murder.  On December 8, 2004, Sergeant Breck
McDaniel arrested appellant.  Subsequently, appellant gave a videotaped
statement to Sergeant McDaniel and Sergeant Brian Harris in which he detailed
the events that resulted in complainant=s death.

The
trial court denied appellant=s motion to suppress his videotaped statement.  Thereafter,
the jury found appellant guilty of murder.  This appeal ensued.

II. Analysis

In six
issues, appellant contends the trial court erred by denying his motion to
suppress.  We disagree.

A.        Standard
of Review








We
review a trial court=s ruling on a motion to suppress under an abuse-of-discretion
standard.  Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), cert.
denied, 127 S. Ct. 145 (2006).  If supported by the record, a trial court=s ruling on a motion to suppress
should not be overturned on appeal.  Brooks v. State, 76 S.W.3d 426, 430
(Tex. App.CHouston [14th Dist.] 2002, no pet.).  At a suppression hearing, the trial
court is the sole finder of fact and is free to believe or disbelieve any or
all the evidence presented.  Id.  If the record is silent regarding the
reasons for the trial court=s ruling or the trial court makes no explicit findings of
fact and neither party has timely requested findings from the trial court, we
imply the necessary findings that would support the ruling when the evidence
supports these implied fact findings.  State v. Kelly, 204 S.W.3d 808,
818B19 (Tex. Crim. App. 2006).  We give
almost total deference to the trial court=s determination of historical facts, but
review de novo the trial court=s application of the law to the facts if resolution of those
ultimate questions does not turn on the evaluation of credibility and
demeanor.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).

B.        Waiver
Under Article 38.22

In his
first issue, appellant contends the State failed to prove that he knowingly,
intelligently, and voluntarily waived his rights pursuant to article 38.22 of
the Texas Code of Criminal Procedure.

Article
38.22 sets forth certain procedural requirements that must be satisfied before
the oral statement of an accused, given during custodial interrogation, may be
used in a criminal proceeding against the accused.  See Tex. Code Crim.
Proc. art. 38.22 (Vernon 2003).  Specifically, the accused must be warned that:

(1) he has
the right to remain silent and not make any statement at all and that any
statement he makes may be used against him at his trial;

(2) any
statement he makes may be used as evidence against him in court;

(3) he has
the right to have a lawyer present to advise him prior to and during any
questioning;

(4) if he
is unable to employ a lawyer, he has the right to have a lawyer appointed to
advise him prior to and during any questioning; and 

(5) he has
the right to terminate the interview at any time[.]








Id. ' 2 (a).  Further, article 38.22
provides that an oral statement made by the accused during  custodial
interrogation is inadmissible in a criminal proceeding unless an electronic
recording of the statement shows he was given the warnings prescribed above and
made the statement after knowingly, intelligently, and voluntarily waiving any
rights set out in the warnings.  See id. ' 3. 

A waiver
of rights may be inferred from the words and actions of the accused.  Hargrove
v. State, 162 S.W.3d 313, 319 (Tex. AppCFort Worth 2005, pet. ref=d); State v. Oliver, 29 S.W.3d
190, 192B93 (Tex. App.CSan Antonio, 2000, pet. ref=d).  In determining the voluntariness
of a confession, we look to the totality of the circumstances.  Barefield v.
State, 784 S.W.2d 38, 40B41 (Tex. Crim. App. 1989), cert. denied, 497 U.S. 1011
(1990), overruled on other grounds by Zimmerman v. State, 860 S.W.2d 89
(Tex. Crim. App. 1993).[1] 








On the
videotape of appellant=s statement, after eliciting appellant=s name, date of birth, address, and
some other preliminary information, the officers read each of the required
warnings to appellant.  As officers read the warnings, appellant stated that he
understood the warnings.  Furthermore, appellant asked a number of questions
after the officers read the warnings.  First, he asked whether he Awaived everything@ if he gave a statement.  The
officers correctly responded that providing a statement would not result in
waiver of all his rights.[2]  The officers
informed appellant that the rights he was waiving did not Ago beyond right now,@ additionally, they stated, Athis [waiver] is for this statement
right now.@  Finally, they told appellant that he was Anot waiving anything in the future.@  Appellant also asked if his
statement could be used against him in court.  The officers informed him that
any statement he gave could be used against him in a court proceeding.  After
appellant indicated he understood each of the warnings, the officers questioned
him regarding complainant=s murder, and appellant answered the questions.

Appellant
argues the evidence fails to support a finding that he, expressly or impliedly,
waived his rights knowingly, intelligently, and voluntarily.  However, the
videotape shows the officers complied with the requirements of article 38.22. 
Although the videotape does not reflect that appellant emphatically waived his
rights, waiver may be inferred from his words and actions.  See Hargrove,
162 S.W.3d at 319.  The officers read each of the required warnings and
answered appellant=s questions regarding those warnings.  Appellant indicated he
understood the warnings and then answered the officer=s questions regarding the incident at
issue.  After considering all relevant evidence, we find no abuse of discretion
in the trial court=s determination that, by his words and actions, appellant
knowingly, intelligently, and voluntarily waived his rights under article
38.22.  Appellant=s first issue is overruled.

C.        Waiver
of Right to Counsel

In his
third and fourth issues, appellant contends the trial court abused its
discretion by denying his motion to
suppress because he was denied his right to assistance of counsel during
custodial interrogation.  Specifically, appellant argues that he invoked his
right to counsel before and during his videotaped statement, and, after
invoking his right to counsel, he never reinitiated communications with the
officers or waived his right to counsel.[3]








Generally,
when a person accused of a crime requests counsel, interrogation of that person
must cease until he has obtained a lawyer to assist him.  See Muniz v. State,
851 S.W.2d 238, 252 (Tex. Crim. App. 1993).  However, when the person
subsequently reinitiates communication with the police and validly waives his
right to counsel, then the original election is countermanded and police
interrogation may resume.  Cross v. State, 144 S.W.3d 521, 529 (Tex.
Crim. App. 2004).

At the
hearing on his motion to suppress, appellant testified that he requested a
lawyer before and during his videotaped statement.  He testified that officers
stopped the videotape during his request for an attorney.  In contrast,
Sergeant  McDaniel, one of the interrogating officers, testified that appellant
never requested a lawyer at any time during questioning.  Additionally,
Sergeant McDaniel testified that the videotape was a clear and accurate depiction
of the interview.

In
denying appellant=s motion to suppress, the trial court must have concluded
appellant=s testimony that he invoked his right to counsel was not credible, and
Sergeant McDaniel=s testimony that appellant never invoked his right to counsel
was credible.  We defer to the trial court=s judgment regarding credibility of
witnesses in a hearing on a motion to suppress.  See Brooks, 76 S.W.3d
at 430.  Further, because the trial court must have concluded appellant never
invoked his right to counsel, appellant=s contention that he never
reinitiated communication with police and never validly waived his right to
assistance of counsel after initially invoking his right to counsel is
unavailing.  Appellant=s third and fourth issues are overruled.

D.        Waiver
of Fifth and Fourteenth Amendment Rights

In his
fifth issue, appellant contends the trial court erred by denying his motion to
suppress because the State did not establish that he voluntarily waived his
rights under the Fifth and Fourteenth Amendments to the United States
Constitution. 








Just as
a waiver of rights under Article 38.22 may be inferred, a waiver of rights
pursuant to the Fifth and Fourteenth Amendments may be inferred.  See North
Carolina v. Butler, 441 U.S. 369, 373 (1979) (AThe courts must presume that a
defendant did not waive his rights; the prosecution=s burden is great; but at least in
some cases waiver can be clearly inferred from the actions and words of the person
interrogated.@); see also Port v. State, 798 S.W.2d 839, 842 (Tex. App.CAustin 1990, pet. ref=d) (AA waiver of Miranda rights
need not be explicit but may be inferred from the actions and words of a person
interrogated.@). Where a defendant indicates that he understands his rights, his
silence and a course of conduct indicating waiver may support an implied waiver
of his rights.  See Butler,  441
U.S. at 373B75.  

Appellant
was advised by the officers of his Miranda rights, asked the officers
questions regarding his rights, indicated that he understood his rights, and
then gave a statement implicating himself in complainant=s murder.  Therefore, we cannot
conclude the trial court abused its discretion.  Appellant=s fifth issue is overruled.

C.        Conclusion

We
conclude the trial court did not abuse its discretion by denying appellant=s motion to suppress.  Appellant=s issues are overruled.[4]

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed April 24, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant contends we should decline to follow the
Court of Criminal Appeals=s holding in Barefield.  However, the Court of
Criminal Appeals has confirmed that the relevant portion of Barefield was
correctly decided.  Etheridge v. State, 903 S.W.2d 1, 16B17 (Tex. Crim. App. 1994).  Further, as an
intermediate appellate court, we are required to follow the binding precedent
of the Court of Criminal Appeals.  See Gonzalez v. State, 190 S.W.3d
125, 130 n.1 (Tex. App.CHouston [1st. Dist.] 2005, pet. ref=d).





[2]  Appellant retained a number of important rights
notwithstanding waiver of his right to counsel during the interview, including,
but not limited to, the right to a jury trial and the right to confront and
cross-examine witnesses.





[3]  The State contends appellant failed to preserve
error for appellate review.  In order to preserve a complaint, a party must
present a timely request, objection, or motion stating the specific grounds for
his complaint, and obtain a ruling from the trial court.  See Tex. R.
App. P. 33.1.  In his written motion to suppress his videotaped statement,
appellant contended he was deprived of his right to counsel and did not Aintelligently, understandingly and knowingly@ waive his right to counsel. We conclude that the
content of appellant=s motion was sufficient to preserve his complaint.





[4]  In his second issue, appellant presents no
independent complaint for our review; appellant merely describes the standard
of review for a trial court=s ruling on a
motion to suppress evidence.  We have applied the appropriate standard.  In his
sixth issue, appellant discusses the application of the harmless-error rule. 
However, having found the trial court did not abuse its discretion by denying
appellant=s motion to suppress, we need not conduct a harm
analysis.